1  JEREMY W. FAITH (SBN 190647)
   *Jeremy@MarguliesFaithLaw.com*
2  ANNA LANDA (SBN 276607)
   *Anna@MarguliesFaithLaw.com*
3  **MARGULIES FAITH, LLP**
   16030 Ventura Blvd., Suite 470
4  Encino California 91436
   Telephone: (818) 705-2777
5  Facsimile:  (818) 705-3777

6  Attorneys for Nancy J. Zamora, Chapter 7 Trustee

**UNITED STATES BANKRUPTCY COURT
CENTRAL DISTRICT OF CALIFORNIA
SAN FERNANDO VALLEY DIVISION**

| | |
|---|---|
| In re | Case No.: 1:19-bk-11569-VK |
| GUADALUPE VILLEGAS, | Chapter: 7 |
| Debtor. | Adv. No.: |
| NANCY J. ZAMORA, Chapter 7 Trustee, | **COMPLAINT FOR:** |
| Plaintiff, | **(1) AVOIDANCE OF ACTUAL FRAUDULENT TRANSFER [11 U.S.C. § 544(b)(1); Cal Civ. Code §§ 3439.04, 3439.07, 3439.09];** |
| v. | **(2) AVOIDANCE OF CONSTRUCTIVE FRAUDULENT TRANSFER [11 U.S.C. § 544(b)(1) Cal. Civ. Code §§ 3439.05, 3439.07, 3439.09]; and** |
| ANTONIO VILLEGAS, an individual, GABRIELLA ZAPATA, an individual, and FABIAN VILLEGAS, an individual, | |
| Defendants. | **(3) RECOVERY OF AVOIDED TRANSFER [11 U.S.C. §550]** |

**TO THE HONORABLE VICTORIA KAUFMAN, UNITED STATES BANKRUPTCY JUDGE:**

Plaintiff Nancy J. Zamora (the "Plaintiff"), the chapter 7 trustee for the above-captioned bankruptcy estate (the "Estate") of Guadalupe Villegas ("Debtor"), respectfully alleges as follows:

**STATEMENT OF JURISDICTION AND VENUE**

1. This Court has jurisdiction over this adversary proceeding and its subject matter pursuant to 28 U.S.C. §§ 157(b)(1) and 1334(a) in that this proceeding arises in

1  and relates to the Debtor's main bankruptcy proceeding, pending in the Central District
2  of California, San Fernando Valley Division, as *In re Guadalupe Villegas*, Case No. 1:19-
3  bk-11569-VK (the "Bankruptcy Case"). Plaintiff consents to an entry of final judgment
4  and orders by the Bankruptcy Court.

5      2.    This adversary proceeding filed pursuant to Federal Rule of Bankruptcy
6  Procedure (F.R.B.P.) 7001(1) (a proceeding to recover money or property).

7      3.    Plaintiff, as Chapter 7 Trustee of the Estate, has standing to bring this
8  action under 11 U.S.C. §§ 548 and 550.

9      4.    Venue is proper in this judicial district pursuant to 28 U.S.C. § 1409(a)
10 because this adversary proceeding arises under and in connection with a case filed
11 under Title 11 which is pending in this district.

12     5.    This action is a core proceeding under 28 U.S.C. § 157(b)(2)(A), (E), (H),
13 and (O).  To the extent any related claims are determined not to be a core proceeding,

14 **I.    PARTIES**

15     6.    Plaintiff is the duly appointed, qualified, and acting Chapter 7 Trustee in the
16 Bankruptcy Case.

17     7.    Plaintiff is informed and believes that defendant Antonio Villegas
18 ("Defendant A. Villegas") is an individual residing in Los Angeles County, State of
19 California and is subject to the jurisdiction of this Court.

20     8.    Plaintiff is informed and believes that defendant Gabriella Zapata
21 ("Defendant Zapata") is an individual residing in Los Angeles County, State of California
22 and is subject to the jurisdiction of this Court.

23     9.    Plaintiff is informed and believes that defendant Fabian Villegas
24 ("Defendant F. Villegas") is an individual residing in Los Angeles County, State of
25 California and is subject to the jurisdiction of this Court. (Defendant A. Villegas,
26 Defendant Zapata and Defendant F. Villegas are collectively referred to as
27 "Defendants").
28 ///

## II. GENERAL ALLEGATIONS

10. The Debtor filed a voluntary petition for relief under chapter 7 of title 11 of the Bankruptcy Code on June 26, 2019, (the "Petition Date"). Thereafter, Plaintiff was appointed as the chapter 7 trustee of the Debtor's Estate.

11. Plaintiff is informed and believes that prior to the Petition Date, in or about 1994, the Debtor purchased the real property commonly known as 7051 Murietta Avenue, Van Nuys. CA 91405 (APN # 2216-011-002) (the "Property").

12. Plaintiff is informed and believes that the down payment to purchase the Property was made using the Debtor's funds.

13. Plaintiff is informed and believes that during the Debtor's ownership of the Property, the Debtor secured promissory note obligations to Ditech and J.P. Morgan Chase (together, the "Notes") by the issuance of deeds of trust recorded against the Property. Ditech was the beneficiary under a first position deed of trust on the Property and J.P. Morgan Chase was the beneficiary under a second position deed of trust.

14. Plaintiff is informed and believes that on or about April 11, 2017, the Debtor transferred the Property to Defendants (the "Transfer") by way of a Quitclaim Deed.

15. Plaintiff is informed and believes that the Debtor is the mother of Defendants.

16. Plaintiff is informed and believes that at the time of the Transfer, the Property had a fair market value of at least $700,000.

17. Plaintiff is informed and believes that at the time of the Transfer, the Property was subject to voluntary deeds of trust securing obligations of approximately $360,000 ("Secured Loans").

18. Plaintiff is informed and believes that the Transfer was structured by and between the Debtor and Defendants as a "sale", with the purported consideration for such sale reflected as a purchase price of $360,000.

19. Plaintiff is informed and believes that at the time of the Transfer the Debtor's equity interest in the Property above customary costs of sale and the amounts

owed on the Secured Loans was no less than $284,000 (the "Debtor's Equity").

20. Plaintiff is informed and believes that after the Transfer, the Debtor has continued to reside in the Property.

## FIRST CLAIM FOR RELIEF

**(Avoidance of Actual Fraudulent Transfer)**

**[11 U.S.C. § 544(b)(1); Cal Civ. Code §§ 3439.04, 3439.07, 3439.09]**

21. Plaintiff realleges and incorporates by reference paragraphs 1 through 20 above as if fully set forth herein.

22. The Transfer was a transfer of an interest of the Debtor in the Property to the Defendants within the four (4) years prior to the Petition Date.

23. Plaintiff is informed and believes that the Transfer was made with actual intent to hinder, delay, or defraud creditors of the Debtor.

24. Plaintiff is informed and believes that the Debtor did not receive reasonably equivalent value in exchange for the Transfer.

25. Plaintiff is informed and believes that the Transfer was a fraudulent transfer avoidable under 11 U.S.C. § 544(b)(1) and Cal Civ. Code §§ 3439.04, 3439.07, 3439.09.

26. Plaintiff may recover, for the benefit of the Estate, the Transfer, or the value of the Transfer, from Defendants, or from any entity for whose benefit the Transfer was made, or any immediate or mediate transferee of the Defendants.

## SECOND CLAIM FOR RELIEF

**(Avoidance of Constructive Fraudulent Transfer)**

**[11 U.S.C. § 544(b)(1) Cal. Civ. Code §§ 3439.05, 3439.07, 3439.09]**

27. Plaintiff realleges and incorporates paragraphs 1 through 20 above as if fully set forth herein.

28. Plaintiff is informed and believes that the Debtor received less than reasonably equivalent value in exchange for the Transfer.

29. Plaintiff is informed and believes that the Debtor Was insolvent on the date of the Transfer or became insolvent as a result of the Transfer.

30. Plaintiff is informed and believes that the Debtor was engaged in business or a transaction, or was about to engage in business or a transaction, for which any property remaining with the Debtor following the Transfer was an unreasonably small capital.

31. Plaintiff is informed an believes that the Debtor intended to incur, or believed that she would incur, debts that would be beyond the Debtor's ability to pay as such debts matured.

32. Plaintiff is informed and believes that the Transfer was a fraudulent transfer avoidable under 11 U.S.C. § 544(b)(1) and Cal. Civ. Code §§ 3439.05, 3439.07, 3439.09.

33. Plaintiff may recover, for the benefit of the Estate, the Transfer or the value of the Transfer from Defendants, or from any entity for whose benefit the Transfer was made, or any immediate or mediate transferee of the Defendants.

### THIRD CLAIM FOR RELIEF

**(Recovery of Avoided Transfers)**

**[11 U.S.C. § 550]**

34. Plaintiff realleges and incorporates paragraphs 1 through 33 above as if fully set forth herein.

35. To the extent that the Transfer is avoided pursuant to 11 U.S.C. § 544, Plaintiff may recover, for the benefit of the Estate, the Transfer, or the value of such transfer, from the Defendants or from the entity or entities for whose benefit the Transfer was made, or any immediate or mediate transferee of such initial transferee.

**WHEREFORE**, Plaintiff prays for relief as follows:

1. That the Court issue a judgment avoiding the Transfer as a fraudulent transfer under 11 U.S.C. § 544(b)(1);

2. That the Court issue a judgment against Defendants for turnover of the value of the Property, together with interest thereon at the legal rate from the date of the Transfer;

///

3.   That the Court issue a judgment against the Defendants which awards Plaintiff her attorneys' fees, along with the costs of suit incurred herein; and

4.   That the Court grant such other relief as the Court deems just and proper.

DATED:  July 23, 2020  **MARGULIES FAITH, LLP**

By: */s/ Jeremy W. Faith*
    Jeremy W. Faith
    Attorneys for Plaintiff
    Nancy J. Zamora,
    Chapter 7 Trustee

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:
16030 Ventura Blvd., Suite 470, Encino, CA 91436

A true and correct copy of the foregoing document entitled **COMPLAINT FOR: (1) AVOIDANCE OF ACTUAL FRAUDULENT TRANSFER [11 U.S.C. § 544]; Cal. Civ. Code §§ 3439.04, 3439.07, 3439.09]; (2) AVOIDANCE OF CONSTRUCTIVE FRAUDULENT TRANSFER [11 U.S.C. § 544]; Cal. Civ. Code §§ 3439.05, 3439.07, 3439.09]; and (3) RECOVERY OF AVOIDED TRANSFER [11 U.S.C. §550]** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document.
On **July 23, 2020**, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

**ATTORNEY FOR TRUSTEE: Jeremy Faith**    Jeremy@MarguliesFaithlaw.com,
Helen@MarguliesFaithlaw.com;Angela@MarguliesFaithlaw.com;Vicky@MarguliesFaithlaw.com
**FORMER ATTORNEY FOR TRUSTEE: Noreen A Madoyan**    Noreen@MarguliesFaithLaw.com,
Helen@MarguliesFaithlaw.com;Vicky@MarguliesFaithlaw.com;Angela@MarguliesFaithlaw.com
**ATTORNEY FOR INTERESTED PARTY: Valerie Smith**    claims@recoverycorp.com
**ATTORNEY FOR TRUSTEE: Meghann A Triplett**    Meghann@MarguliesFaithlaw.com,
Helen@MarguliesFaithlaw.com;Angela@MarguliesFaithlaw.com;Vicky@MarguliesFaithlaw.com
**United States Trustee (SV)**    ustpregion16.wh.ecf@usdoj.gov
**TRUSTEE: Nancy J Zamora (TR)**    zamora3@aol.com, nzamora@ecf.axosfs.com

☐ Service information continued on attached page

**2. SERVED BY UNITED STATES MAIL**:
On **July 23, 2020**, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

**JUDGE:** Pursuant to Amended General Order 20-02, judge's copies are not required for any document less than 25 pages.

☐ Service information continued on attached page

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on _____, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| July 23, 2020 | Helen Cardoza | /s/ Helen Cardoza |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*                                                                                                                **F 9013-3.1.PROOF.SERVICE**